10-5073-ag
Li v. Holder

BIA
Cheng, IJ
A073 134 119

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of December, two thousand eleven.

PRESENT:
>         JOSEPH M. MCLAUGHLIN,
>         GUIDO CALABRESI,
>         REENA RAGGI,
>              *Circuit Judges.*

_____

JUNG MON LI, AKA JUNMIN LI, AKA JUNGMON LI, AKA MIN LI, AKA JUNMING LI,
>         *Petitioner,*

> v.                                          10-5073-ag
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>         *Respondent.*

_____

FOR PETITIONER:          Scott E. Bratton, Margaret Wong & Associates Co., LPA, Cleveland, OH

FOR RESPONDENT:          Tony West, Assistant Attorney General; Shelley R. Goad, Assistant

**Director; Carmel A. Morgan, Trial Attorney; Helen Rangel, Law Intern, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Jung Mon Li, a native and citizen of the People's Republic of China, seeks review of a November 17, 2010, order of the BIA affirming the December 1, 2009, decision of an Immigration Judge ("IJ") denying his motion to rescind an *in absentia* removal order and reopen his proceedings. *In re Jung Mon Li*, No. A073 134 119 (B.I.A. Nov. 17, 2010), *aff'g* No. A076 024 171 (Immig. Ct. N.Y. City Dec. 1, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (internal quotations omitted). We review the agency's denial of motions to rescind or reopen for abuse of discretion. *See Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006).

2

Li's primary argument in support of his motion to set aside the *in absentia* removal order against him and reopen removal proceedings is that he was not provided proper notice of the August 1994 removal hearing since the translator that provided him with oral notice of the hearing spoke a Taiwanese dialect of Mandarin that he did not understand. Li's affidavit in support of his motion lacked any specific details about how the Mandarin spoken in Taiwan differed from the Mandarin spoken in mainland China, however, instead simply asserting that Li was confused. The IJ had broad discretion to hold such a generalized affidavit insufficient, by itself, to establish "reasonable cause" for Li's failure to appear, and we will not disturb that conclusion here. *See Twum v. I.N.S.*, 411 F.3d 54, 57-58 (2d Cir. 2005) ("In general, when a respondent who has been ordered excluded *in absentia* moves to reopen the proceedings by showing reasonable cause, the IJ has broad discretion to grant or deny that motion based on all the facts and circumstances involved, including the general strength and plausibility of the evidentiary showing that the movant has made." (internal quotation marks and citations omitted)).

In moving to reopen removal proceedings, Li had the burden of proving to the agency that the Mandarin spoken in mainland China is so substantially different from the Mandarin spoken in Taiwan that he was unable to understand the interpreter. *See, e.g., I.N.S. v. Abudu*, 485 U.S. 94, 104-05 (1988). As explained above, Li presented no such evidence. Thus, contrary to Li's argument, the agency was not required to consider such differences when reviewing Li's motion to reopen. *See id.* Nor did Li present any evidence indicating why he did not seek to have the Form I-122 written notice that he received translated. *See Lopes v. Gonzales*, 468 F.3d 81, 84-85 (2d Cir. 2006) (concluding that written notice in English was sufficient and that the agency had no duty to notify alien of the consequences of failure to appear in his native Portugese). As such, the agency did not abuse its discretion in finding that both the written and oral notice Li received was adequate. *See Alrefae*, 471 F.3d at 357.

Since the agency reasonably found that the written and oral notice Li received was adequate, we reject Li's argument that the agency deprived him of due process by ordering his exclusion without providing a notice of proceedings.

4

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk